NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-137-HRW

YAKOV GREGOREVICH DRABOVSKIY                                    PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                        RESPONDENT

Petitioner, Yakov Gregorevich Drabovskiy, an individual who is presently confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland), filed what the Court has construed to be a petition for writ of habeas corpus under 28 U.S.C. §2241 [*see* Order of October 12, 2006, Record No. 4].[1]

In that Order, the Court also denied the petitioner's motion to proceed *in forma pauperis* as to the $5.00 habeas filing fee [*Id*]. The Court relied upon the history of deposits into the petitioner's inmate account in determining that he did not qualify for pauper status [*Id.*]. The petitioner was given thirty (30) days from October 12, 2006, in which to pay the $5.00 filing fee [*Id.*]. In the Order, the Court specifically warned the petitioner as follows:

> The petitioner is on notice that if he fails to pay the filing fee within thirty (30) days from the date of entry of this Order, the Court will dismiss the instant action for want of prosecution. If the case is dismissed under these circumstances, it is not to be reinstated to the Court's active docket despite the subsequent payment of filing fees. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997);

---

[1] The petitioner's submission was actually filed in another case, being Ashland Civil Action No. 05-CV-57-HRW, *Drabovskiy v. United States*. The Court determined that the petitioner's new submission should be given a new and different case number.

*Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

[*Id.*, No. 4, ¶ 4].

The petitioner objected to the Court's characterization of his filing, *see* Record No. 5, but the Court recently reiterated and explained that what the petitioner actually seeks in his filings is to challenge the outcome of a disciplinary hearing [*see* Record No. 6, Order of October 31, 2006]. Therefore, he is seeking relief under §2241 because his challenge goes to the execution of his underlying criminal sentence. In its Order of October 31, 2006, the Court concluded that based upon his financial history, "Clearly, he [Draboviskiy] can pay the $5.00 filing fee assessed in this action." [*Id.*]

The record reflects that on October 12, 2006, the Clerk of the Court mailed a copy of the Order denying the petitioner's motion to proceed *in forma pauperis* to the petitioner at his address listed of record, FCI-Ashland [*see* Record No. 4 (Attachment: Clerk's Notation)].

There is no indication in the record that the copy of the October 12, 2006 Order which the Clerk of the Court mailed to the petitioner was returned to the Court as "Undeliverable" for any reason. Indeed, the petitioner filed a motion on October 26, 2006, asking the Court to reconsider its characterization of this action. That filing indicates that the petitioner did, in fact, receive the Court's ruling that he would have to pay the $5.00 filing fee. Thirty days have passed, and the petitioner has neither paid the $5.00 filing fee nor requested an extension of time in which to do so.

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate

2

where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). The petitioner bears some responsibility in pursuing his claims in timely fashion. His failure to respond to the October 12, 2006 Order is an abandonment of his claims. The Court will dismiss the petition, without prejudice, for want of prosecution.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**. Judgment shall be entered contemporaneously with this memorandum opinion in favor of the named respondent.

This 20th day of November, 2006.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE

3